# Engle *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Railroad property—Act of April 4, 1868, P. L. 58—Siding.*

In an action against a railroad company to recover damages for personal injuries sustained prior to the Act of June 10, 1907, P. L. 522, which repealed the Act of April 4, 1868, P. L. 58, the plaintiff is entitled to recover where the evidence shows that at the time of the accident he was unloading a car on a switch; that his employer, a private manufacturing company, had the exclusive ownership and control of the switch, and always unloaded the cars after they had been placed on the switch; and that the accident was due to the negligent act of the railroad company in running an engine and tender on to the switch and against the car on which plaintiff was working, at a time when there was no necessity for the engine to go on to the switch for the purpose either of delivering or removing cars.

Argued Oct. 26, 1911. Appeal, No. 170, Oct. T., 1911, by defendant from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 1025, on verdict for plaintiff in case of Theodore Engle v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. At the trial the jury returned a verdict for plaintiff.

On a rule for judgment for defendant n. o. v. SWEAR-INGEN, P. J., filed the following opinion:

The plaintiff, at the time of the injury of which he complains, was employed as a laborer by the Duquesne Brewery, whose plant was located on the south side of Mary Street between Twenty-first and Twenty-second streets, Pittsburgh, Pennsylvania. The accident happened on November 26, 1906. On the 5th day of July, 1899, an ordinance was enacted by the City of Pittsburgh whereby said Brewery was granted the right to construct and maintain a switch along side Mary Street, to connect with the tracks of the defendant near Twenty-second street, for which it paid the city the sum of $75 per annum. The work of constructing this switch was done by the defendant, but the Duquesne Brewery paid for the same on December 5th, 1889. The switch was used exclusively by the Brewery for delivering material to it and shipping its product. The defendant had charge of the switch locks. When a car consigned to the Brewery arrived, the defendant shifted the car upon said switch to the required point in front of the Brewery, and when the car was ready for removal, the defendant ran its engine upon the switch and took the car away. According to the uncontradicted testimony, cars upon said switch were always loaded and unloaded by the employes of the Brewery—never by the employes of the defendant. The defendant had the right to take the car upon the switch, which had been consigned to the Brewery, and it had the right, upon notice, to go upon the switch and remove the car therefrom. It had no other rights upon the switch.

Upon the day of the accident, the plaintiff was, as an employe of the Brewery, unloading a car of coal, which was standing upon said switch, whilst he was thus engaged, the work of unloading being uncompleted, an engine and tender of the defendant were run from the main line upon said switch and against the

car upon which the plaintiff was at work as aforesaid, without notice or warning to the plaintiff of its approach. The plaintiff was knocked down, rendered unconscious, and sustained terrible injuries. Why the engine and tender were run upon the switch was not explained. The evidence of the defendant's negligence was clearly for the jury, and it was sufficient to sustain a verdict in favor of the plaintiff.

The defendant presented a request for binding instructions in its favor, which was refused. The ground of this request was that the plaintiff was in the situation of a co-employe of the defendant's servants, by virtue of Section 1 of the Act of April 4, 1868, P. L. 58. Said Section reads as follows:

"That when a person shall sustain personal injury or loss of life while lawfully engaged on or about the roads, works, depots and premises of a railroad company, or in or about any car therein or thereon, of which company such person is not an employe, the right of action to recover in all such cases against the company shall be such only as would exist if such person were an employe: Provided, that this section shall *not apply to passengers.*"

Said Section of the Act of 1868 was repealed by the Act approved June 10, 1907, P. L. 522, but, as this accident happened before that date the first section of said statute was then in force; and its provisions govern.

The argument of the defendant is that the place, where the plaintiff was injured, was part of its works, within the meaning of said Act of 1868; that the defendant is a common carrier and the duty of the common carrier is to deliver the goods shipped to the consignee, which includes unloading them from the car; that the plaintiff was actually unloading this car when he was injured, and was accordingly engaged in doing railroad work. Therefore, the conclusion of the defendant is that the plaintiff cannot recover, because of

the provisions of said Act of 1868. It will be observed that the validity of this conclusion depends upon two propositions of the premises upon which it is based, viz:

1. The place where the plaintiff was injured was railroad or premises, within the meaning of the said statute.

2. At the time the plaintiff was injured, he was injured in railroad work.

In Spisak v. R. R. Co., 152 Pa. 281, the Supreme Court says that the cases, under the Act of 1868, divide themselves into two classes:

"In the first the place of the accident is clearly and for general purposes the 'roads, works, depots or premises' of the railroad company. In such cases it is sufficient if the person injured is lawfully 'engaged or employed on or about' them, and is not a passenger. * * * The other class is where the accident occurs in a place which is not exclusively and for general purposes, but only within a limited and statutory sense, the premises of the railroad company. In this class the nature of the employment at which the party injured was engaged at the time, becomes material. If it is business connected with the railroad in the sense that it is ordinarily the duty of railroad employees, then while the party is engaged at it the statute treats him as a quasi employee, and puts his rights upon the same basis. If, however, the work has no relation to railroad work as such, and is connected with the railroad only by irrelevant and immaterial circumstances of locality, the case is not within the statute at all."

It is not pretended that the place of the accident in this case was such as described in the first class, mentioned in the foregoing opinion. The switch was not within the exclusive control of the defendant. Was the switch railroad "works or premises," as described in the second class mentioned in the said opinion?

The switch was the property of the Duquesne Brew-

ery.   True it was located upon a street of Pittsburgh; but the title of the Brewery is presumed to have extended to the middle line thereof, subject of course to the public easement.   The Brewery had obtained municipal consent to lay the switch and had paid for it. The defendant had the right to use the switch for the purpose of delivering loaded cars to the Brewery and for the purpose of removing cars after they were unloaded.   This was the extent of its rights upon the switch.   While the defendant was engaged in the performance of these duties, said switch was railroad works or premises within the meaning of the statute; but while it was not so engaged the switch was not railroad works or premises.   When the defendant delivered the car, in which the plaintiff was working, to the Brewery upon said switch, its duty was ended.   Its duty to remove the car had not begun, because no request to do so had been given.   The fireman of the engine, which ran against the car in which the plaintiff was working, testified that the engine was neither going with cars for the Brewery, nor going for the purpose of removing cars.   This testimony was not contradicted.   Consequently, at the time of this accident, the switch and the car upon it were in the exclusive control of the Brewery and upon its premises.   The defendant had no right to be there, and it was not there in the performance of any duty.   We cannot, therefore, see how such switch, at the time of this accident, was in any sense railroad works or premises within the meaning of said statute. If it was not, the provisions of the statute are not applicable:   Christman v. R. R. Co., 141 Pa. 604; Keck v. R. R. Co., 206 Pa. 501.

Was the plaintiff engaged in railroad work, at the time of the accident?   We thought, at the trial, that this was very doubtful and so we left the question to the jury.   It was not "ordinarily" the work of railroad employes to load or to unload cars upon the switch in question.   For six years prior to the acci-

dent that work had always been done by the Brewery's employes, never by those of the defendant. Under these circumstances, we think Noll v. R. R. Co., 163 Pa. 504, is authority.

In that case, the plaintiff was employed by the Temple Iron Company to unload cars near its stock house. The railroad's employes never unloaded such cars. The crew of the railroad came into the yard and shifted the cars, upon request of the Iron Company, but uncontrolled as to speed and manner of running. While boarding a car for the purpose of unloading it, another loaded car was sent in by the railroad against the car which the plaintiff was attempting to board, and he was injured. The Supreme Court held that "The plaintiff was not an employe of the defendant or on the footing of one under the Act of April 4, 1868." We can see no distinction between the facts of that case and the one at bar, with respect to the point under consideration: See also Spisak v. R. R. Co., 152 Pa. 281.

We cannot perceive any good reason why the railroad could not commit to a consignee the duty of unloading cars, delivered upon the latter's own premises. It is true the authorities cited by the defendant, do indicate that unloading cars, no matter where, is railroad work, but the authorities above cited, to our mind indicate the contrary. If, however, we are correct in our opinion that the place of this accident was not, at that time, the works or premises of the defendant, it is immaterial whether or not the plaintiff was engaged in performing railroad work. This being true, the rule for judgment, non obstante veredicto, must be discharged.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* with him *James R. Miller,* for appellant.—Since the

plaintiff was engaged in the unloading of a car upon a siding which, while not the premises of the Railroad Company exclusively and for general purposes, was the premises of the Railroad Company within a limited and statutory sense, he cannot recover because of the Act of April 4, 1868, P. L. 581.  Cummings v. Pittsburgh etc. Railway Co., 92 Pa. 82; Spisak v. B. & O. R. R. Co., 152 Pa. 281; Weaver v. Ry. Co., 202 Pa. 620; Peplinski v. Penna. R. R. Co., 203 Pa. 52; Keck v. R. R. Co., 206 Pa. 501; Hayman v. Ry. Co., 214 Pa. 436.

*Meredith R. Marshall,* with him *Thos. M.* and *Rody P. Marshall,* for appellee.—Where the delivery of cars is complete the statute does not apply.  Vannatta v. Central R. R. of N. J., 154 Pa. 262; Noll v. R. R. Co., 163 Pa. 504; Laporte v. R. R. Co., 209 Pa. 469; Miller v. Ry. Co., 216 Pa. 105; Hayman v. Ry. Co., 214 Pa. 436; Kelly v. Union Traction Co., 199 Pa. 322; Keck v. R. R. Co., 206 Pa. 501.  ,

Per Curiam, January 2, 1912:
The judgment is affirmed on the opinion of Judge Swearingen, discharging the rule for judgment non obstante veredicto.