# Biddle, Appellant, *v.* Philadelphia, Baltimore & Washington Railroad Co.

*Negligence — Railroad companies — Person walking on tracks— Licensees—Station platform—Contributory negligence—Nonsuit.*

1. A person walking on one of two or more railroad tracks knowing that a train is coming is chargeable with negligence if he fails to ascertain upon which track the train is, and the fact that he is on a side track will not relieve him of that duty.

2. Where in an action by a widow to recover damages for the death of her husband plaintiff's testimony disclosed only that deceased was last seen walking in broad daylight along defendant railroad company's platform beside its four track railroad at a point where a side track crossed the platform, that a train, of the approach of which deceased had notice, coming from his rear, turned into the siding, giving a whistle blast as it did so, and that subsequently deceased's mangled body was found along the siding about 25 feet from the platform, and there was no further evidence as to how the accident occurred, a nonsuit was properly entered.

Argued Feb. 10, 1916. Appeal, No. 449, Jan. T., 1915, by plaintiff, from order of C. P. Delaware Co., Dec. T., 1913, No. 157, refusing to take off compulsory nonsuit, in case of Gertrude A. Biddle v. Philadelphia, Baltimore & Washington Railroad Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.   Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off.   Plaintiff appealed.

,*Error assigned,* among others, was in refusing to take off the nonsuit.

*A. B. Geary,* with him *James S. Rankin,* for appellant. —The decedent had the right to be at the station and to assume that the railroad company would perform its duty of exercising the strictest vigilance to protect him from being injured by a train switched from the main track to the switch in question : Struble v. Penna. R. R. Co., 226 Pa. 118; Penna. R. R. Co. v. White, 88 Pa. 327; Flanagan v. Philadelphia, Wilmington & Balto. R. R. Co., 181 Pa. 237; Betts v. Lehigh Val. R. R. Co., 191 Pa. 575; Waltz v. Penna. R. R. Co., 216 Pa. 165; Harper v. Pittsburgh, Cin., Chicago & St. Louis R. R. Co., 219 Pa. 368; Besecker v. Del., Lack. & Western R. R. Co., 220 Pa. 507; Reeves v. Del., Lack. & Western R. R. Co., 30 Pa. 454; Kay v. Penna. R. R. Co., 65 Pa. 269.

The burden was upon the defendant to overcome the presumption that decedent observed all proper precautions : Lotz v. Balto. & Ohio R. R. Co., 247 Pa. 206; Lehigh Valley R. R. Co. v. Hall, 61 Pa. 361; Penna. R. R. Co. v. Weiss, 87 Pa. 447; Longnecker v. Penna. R. R. Co., 105 Pa. 328; Fisher v. Monongahela Connecting Ry. Co., 131 Pa. 292; Haverstick v. Penna. R. R. Co., 171 Pa. 101; Schum, et al., v. Penna. R. R. Co., 107 Pa. 8; Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205.

Defendant having constructed the platform for the use of these at the depot and having constructed the switch through the platform was bound to give warning

when a train was about to enter the switch, and its failure to do so was actionable negligence: Kay v. Penna. R. R. Co., 65 Pa. 269.

The case was for the jury: Penna. R. R. Co. v. White, 88 Pa. 327; Cohen v. Philadelphia & Reading R. R. Co., 211 Pa. 227; Lehner v. Pittsburgh Rys. Co., 223 Pa. 208; Pyne v. Del., Lack. & Western R. R. Co., 212 Pa. 143.

*Howard E. Hannum,* with him *J. B. Hannum,* for appellee, cited: Grant v. Philadelphia, Balto. & Washington R. R. Co., 215 Pa. 265; Gillis v. Penna. R. R. Co., 59 Pa. 129; Ambler v. Philadelphia & Reading Ry. Co., 39 Pa. Superior Ct. 198; Baltimore & Ohio R. R. Co. v. Schwindling, 101 Pa. 258; Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Brague v. Northern Cent. Ry. Co., 192 Pa. 242; Loughrey v. Penna. R. R. Co., 201 Pa. 297; Matthews v. Philadelphia & Reading R. R. Co., 161 Pa. 28.

OPINION BY MR. JUSTICE WALLING, April 17, 1916:

Plaintiff brought this suit to recover damages for the death of her husband.

The main line of defendant's railway extends from Philadelphia to Washington, passing through the City of Chester in an easterly and westerly direction, and having there a passenger station known as Lamokin station. There is at that place four main tracks, on the south side of which is the station. To the north of the tracks and opposite the station is a shelter for the convenience of passengers. Between the north track, which we will call west bound, and this shelter there is a platform extending some distance along the track and about 23 feet wide; the part thereof adjoining the track being of gravel and that adjoining the shelter of plank; and used as a station platform. A short distance east of the station is an overhead crossing known as Pennell Bridge,

by which the public cross from one side of the tracks to the other.  There is no evidence to show that people were permitted to cross the tracks at grade.  From a point about opposite the center of the shelter a switch or side track branches from said north main track and extends westerly through a corner of said gravel platform, and thence curving to the north joins the Chester Creek Railroad, a branch of defendant's system.  Sometime after six o'clock on the evening of June 18, 1913, Ira Wood Biddle and his wife, the plaintiff, went to said shelter to await a west bound train, that Mr. Biddle might see his brother, who was engineer thereon.  Presently they heard the sound of a train approaching from the east and Mr. Biddle left his wife at the shelter and walked hurriedly westward that he might be opposite where the engine usually stopped.  His course seemed to take him diagonally across said siding, with his back to the incoming train.  However, it was not his brother's train, as that had passed the station earlier, but another train destined for the side track on which he was walking. The engine whistle gave a blast as it entered the siding, and Mr. Biddle's body badly mangled was found on the ties about 100 feet further west, at a point some 25 or more feet west of the west end of the platform, on defendant's right of way and not at a crossing.  No witness was called who saw the accident, but it is a fair inference that he was killed by this train, although there is nothing to indicate that when struck he was on the platform. There is some evidence that the train came rapidly into the station and that no signals were heard except the said blast of the whistle.  It was broad day light and the deceased was familiar with the place.

The court below granted a compulsory nonsuit, on the ground of contributory negligence.

The deplorable accident seems to have been the result of a mistake on part of Mr. Biddle.  He knew the through train kept on the main track, assumed this was

that train, and neglected to look back. A person walking on one of two or more railroad tracks, and knowing that a train is coming, is chargeable with negligence if he fails to ascertain upon which track it is, and the fact that he is on a side track will not relieve him of that duty. In his haste and anxiety to see his brother Mr. Biddle neglected his own safety. The exact direction in which he was walking is not shown, but from where last seen alive and where the body was found, it is inferred that he was going so nearly parallel with the side track that he would walk thereon for at least 30 feet; and knowing he was on a track and that a train was approaching he should have ascertained its whereabouts. The law requires a traveler to keep a lookout while crossing the track, and it is equally important while walking upon it. Had the deceased been watchful for his own safety the accident would not have happened. The presumption of care on his part is rebutted by the circumstances. While he may not have been struck immediately as he stepped on the track, he was struck by a train he knew was approaching and which had he looked he must have seen.

In any event, he was not a passenger nor intending to become such, nor was he at the station to assist a passenger on or off the train, or for any business connected with the railroad. His errand was a personal matter of his own. And, as he was not hurt at a public or permissive crossing, or so far as appears even on the station platform, or by any wanton or wilful act of the defendant, the accident creates no legal liability: Gillis v. Penna. R. R. Co., 59 Pa. 129; Balto. & Ohio R. R. Co. v. Schwindling, 101 Pa. 258; Brague v. Northern Cent. Ry. Co., 192 Pa. 242; Ambler v. Philadelphia & Reading Ry. Co., 39 Pa. Superior Ct. 198.

The assignment of error is overruled and the judgment is affirmed.