# Diehl v. Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Private yard — Conductor — Switching cars—Weighing cars—Train on wrong track—Collision—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, a freight conductor in the employ of a steel company, it appeared that at the time of the accident the deceased was engaged in the yard of his employer in weighing loaded cars, in his employer's yard. He detached a large car, placed it on the scales, entered the narrow space between the scales and the next car to see that the wheels of the car were entirely on the platform; defendant's train, ran onto the scales track in violation of the rules governing the use of such track, although the view was unobstructed and defendant's brakeman must have seen the car on the scale track and collided with deceased's train, causing it to strike the car on the scales, deceased was crushed between the cars. Defendant's brakeman, whose duty it was to operate the switch, testified that he saw the position of the steel company's cars and

assumed that the brakeman on defendant's train could see the danger and did not signal him, while the latter testified that he did not know that the switch was set for another track until too late to avert the collision.   There was evidence that deceased might have avoided stepping between the cars by passing around the scales to the opposite side of the track, but it appeared that the method he adopted was not unusual nor obviously dangerous, and while the car on the scales was detached from the train the engineer was not expected to remove the remaining ones without signal to do so.   *Held*, the question of defendant's negligence and deceased's contributory negligence were for the jury and a verdict and judgment for the plaintiff were sustained.

Argued May 17, 1916.   Appeal, No. 180, Jan. T., 1915, by defendant, from judgment of C. P. Northampton Co., April T., 1912, No. 77, on verdict for plaintiff in case of Emma V. Diehl, for and in her own behalf as widow, and in behalf of Minnie, Mary, Austin and Howard Diehl, minor children of John J. Diehl, v. Lehigh Valley Railroad Company.   Before Brown, C. J., Mestrezat, Potter, Moschzisker and Frazer, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before Scott, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $4,075 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

E. J. & J. W. Fox, for appellant.—A mistake of judgment on the part of an employee in the emergency of sudden danger does not subject the railroad company to liability: Phillips v. People's Passenger Ry. Co., 190 Pa. 222; Downey v. Pittsburgh Rys. Co., 219 Pa. 592.

Plaintiff was guilty of contributory negligence: Haynes v. Penfield, 231 Pa. 329; Schlemmer v. Buffalo, Rochester & Pittsburgh Ry. Co., 222 Pa. 470; Baldwin v. Urner, 206 Pa. 459.

*James T. Woodring,* for appellee.—The case was for the jury: Huyett v. Philadelphia & Reading R. R. Co., 23 Pa. 373; Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 305; Smith v. O'Connor, 48 Pa. 218.

A party is not bound to anticipate negligence on the part of another: Brown v. Lynn, 31 Pa. 510.

A defendant cannot complain of want of care in another where care is only rendered necessary by his own wrongful act: Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Reeves v. Del., Lack. & Western R. R. Co., 30 Pa. 454.

OPINION BY MR. JUSTICE FRAZER, July 1, 1916:

Plaintiff sued to recover damages for the death of her husband, which she alleges was caused by the negligence of defendant's employees. The facts are as follows: Deceased had been in the employ of the Bethlehem Steel Company for upwards of eighteen years, and, at the time of the accident complained of, was employed as conductor of freight trains in the yards of that company. Eighteen cars of freight had been placed on what was known as the scales track, and were being detached one at a time, placed upon the scales, weighed and dropped further down the track. Deceased was engaged in assisting in this work, and, while weighing a car of unusual length, its wheel base being but a few inches shorter than the platform of the scales, entered the free space between the scales and the car adjoining and next to be weighed to ascertain the position of the wheels of the car on the platform. While he was between the two cars the engine of deceased's train was struck by a train of four cars loaded with iron ore that was being shifted from the main track of defendant company to the miscellaneous track of the steel company, which adjoins the scales track. The impact was of sufficient force to drive the engine and its attached cars down the track, the rear one coming in contact with the car on the scales, catching deceased between the two cars, and inflicting injuries

upon him from which he died shortly afterwards.  Two defenses were set up, (1) insufficiency of evidence of negligence upon the part of the defendant's employees and (2) contributory negligence of plaintiff.  These questions were submitted to the jury by the court below and a verdict rendered in favor of plaintiff.  The court subsequently refused motions for a new trial and judgment non obstante veredicto for defendant, and this appeal by defendant followed.

As to the sufficiency of the evidence of defendant's negligence to take the case to the jury, we have no doubt. The cars of the steel company were the first to occupy the scales track, and, under the rules governing its use by the two companies, the steel company's cars had the right of way and the railroad company was without the right to use the track while occupied by the former company's cars.  The view of the crew of defendant's train was unobstructed and they must have seen the scales track was occupied by a train of the steel company and that its engine stood quite close to if not partly on the switch, in fact too close to permit cars to be shifted to the miscellaneous track.  Despite this knowledge the four loaded cars were detached and permitted to coast down the track and collide with the engine of deceased's train.  The brakeman whose duty it was to operate the switch testified he saw the position of the steel company's cars and assumed the brakeman on defendant's train could see the danger as well as he and consequently did not signal him to await the moving of deceased's train before "cutting loose" the ore cars.  This witness further testified that, upon seeing a collision was inevitable, he assumed less damage would result from a front end collision than a "side-swipe" and permitted the switch to remain open so that the ore cars would strike the front of the engine.  The brakeman on the cars testified he could see the steel company's train on the scales track at the time the ore cars were uncoupled but did not discover the switch was not set for the miscellaneous

track until within a short distance from the engine of deceased's train, and that he thereupon endeavored to avoid a collision by using the handbrakes, which, under the circumstances, he said, were equally as quick to act and as efficient as the air-brake. Under these circumstances, the question whether or not defendant's employees were negligent in acting as they did, with their knowledge of the position and location of the cars on the steel company's track, was for the jury, to whom it was submitted by the court below in a full and fair charge of which no complaint is made.

Whether or not deceased was guilty of contributory negligence was also for the jury. The car to be weighed was disconnected from the train and in accordance with the usual custom placed on the platform with free space between the scales and the next car. The rule governing the use of the track, in such case, required the engineer of the train to await a signal from an employee at the scales before moving the other cars. The space at each end of the car on the scales at the time was so small as to require the use of a bar under the wheels to force or "pinch" it into place so as to make it rest free from outside interference. After prying the wheels at one side fully upon the scales, deceased stepped between the car on the scales and the adjoining one, to determine whether or not all wheels were clear. At this moment the collision occurred, catching him between the two cars and inflicting the injury above referred to.. While there is evidence that deceased might have avoided stepping between the cars by passing around the scales to the opposite side of the track, the method he adopted was not unusual nor so obviously dangerous as to convict him of negligence as matter of law. The car on the scales was detached from the train, the engineer was not expected to move the remaining ones until signaled to do so, and no other train was permitted to use the track when occupied for weighing purposes. Under these circumstances deceased was not bound as matter of law to

anticipate negligence on the part of others: Reeves v. Del., Lack. & Western R. R. Co., 30 Pa. 454; Young v. Philadelphia Rapid Transit Co., 248 Pa. 174.

The judgment is affirmed.