# Slamovitz *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Walking near track—Death—Contributory negligence—Choice of ways—Case for jury.*

In an action by a widow against a railroad company for damages for the death of her husband crushed by a locomotive between the tracks and a concrete wall, the negligence of the defendant, and the contributory negligence of the deceased are for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for the plaintiff tends to show that immediately prior to the accident deceased came out of an industrial plant near a railroad track, that as he emerged he saw a locomotive slowly running backwards, hauling one car; the locomotive stopped and deceased continued on his way, walking ahead of the locomotive either on the track or on a generally well used and well beaten path located between the track and a concrete wall; that, after turning a curve, and when at a point where he could not see the locomotive, and close to the door of an industrial plant, where the path was only three feet and eight inches wide, the locomotive came back of him, without warning, and the overhang of the car crushed him to death; and that the deceased might have taken another way, but that by this way he would have had to cross at least three sets of railroad tracks.

Argued October 16, 1919.    Appeal, No. 83, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1917, No. 2082, on verdict for plaintiff in case of Sarah Slamovitz v. Pennsylvania Railroad Company.    Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Trespass for death of plaintiff's husband.    Before EVANS, J.

Verdict and judgment for plaintiff for $5,000.    Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Thomas Patterson,* of *Patterson, Crawford & Miller,* with him *James R. Miller,* for appellant.—There was no evidence to justify submitting to the jury the question of the defendant's negligence: 'Hoffman v. Phila. Rapid Transit Co., 214 Pa. 87.

The evidence showed beyond dispute that Slamovitz was guilty of contributory negligence: Nagle v. Allegheny Valley R. R., 88 Pa. 35; McDonald v. Rockhill Iron & Coal Co., 135 Pa. 1; Ash v. W. & N. R. R. Co., 148 Pa. 133; Fox v. Penna. R. R., 195 Pa. 538; Peoples v. Penna. R. R., 251 Pa. 275.

The plaintiff having the choice of two courses, was bound to select the safest: Snyder v. Union Drawn Steel Co., 251 Pa. 451; Fritchle v. Steel City Elec. Co., 251 Pa. 513.

*R. P. Tannehill,* with him *R. P.* and *M. R. Marshall,* for appellee.—The case was for the jury: Powell v. Phila. & Reading Ry. Co., 220 Pa. 638; Steele v. Lake Shore & Michigan Southern Ry. Co., 238 Pa. 295; Kilpatrick v. Phila. & Reading Ry. Co., 55 Pa. Superior Ct. 399; McClure v. Penna. R. R. Co., 53 Pa. Superior Ct. 638; Callahan v. Penna. R. R. Co., 68 Pa. Superior Ct. 465.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1920:

Sarah Slamovitz sued the Pennsylvania Railroad Company to recover damages for the death of her husband, Morris Slamovitz, who, she alleged, was killed through the negligence of that corporation's employees; judgment was entered on a verdict for plaintiff and defendant appealed.

The office of the D. J. Kennedy Company, in the city of Pittsburgh, is located about 45 feet back from the westerly line of 26th street; a spur of, or siding to, defendant's railroad runs from its line on Pike street (which is at right angles to 26th street), first on a 49-

degree curve to and traversing 26th street, in a general northwestern direction, then straight along 26th street for a short distance, again continuing northwesterly, on a reverse 45-degree curve, across a wagon way into the Kennedy property, passing the office in question, about 25 feet in front of it; the distance from the railroad line on Pike street to this point is about 210 feet. At a point on 26th street, to the southeast of, and something over 100 feet from, the Kennedy office, where the siding passes close to a concrete wall, Slamovitz was killed, by being crushed between the latter and one of the defendant's moving cars.

On November 1, 1916, between one and two in the afternoon, defendant's train, with the engine running backwards, hauling a gondola car, was moving southeasterly toward 26th street; Slamovitz, having stepped from the Kennedy office, was at the side of, and some 15 or 20 feet from, the locomotive, when it slowed up and came to a stop. Five men in the employ of defendant were on different parts of the train at this time, and the only fair inference to be drawn from the testimony is that, in the exercise of due care Slamovitz could see the train and some of the men could see him. When the locomotive stopped, Slamovitz continued on his way toward and entered upon 26th street, walking either on the railroad track or on a generally used and well beaten path located between the track and the before mentioned concrete wall; he had turned the 45-degree curve and, when at a point where he could not see defendant's train, and where the distance from the track to the wall was only three feet, eight inches, the locomotive came up back of him, without warning of any kind, the overhang of the car crushing him to death.

There was another road which Slamovitz might have taken to make his exit along 26th street—by going out the wagonway to that street, turning to the right, and following the highway to Pike street. It appears, however, that, to do this, he would have been obliged to

cross at least three sets of railroad tracks, and that the roadway of 26th street, being used as a sort of dump or storage yard by a foundry located upon the easterly side thereof, was beset with its own inconveniences and dangers; witnesses for plaintiff went so far as to say it was practically impassable. Under the circumstances, since the way taken by Slamovitz was "packed down by people walking there as a regular pathway," and the testimony further showed that, in going into the Kennedy plant, people generally walked either in the middle of the railroad track or on this narrow packed pathway, it cannot be said as a matter of law that he was guilty of contributory negligence in not taking the other way pointed out by appellant; particularly is this apparent when we consider that the accident happened close to a door of an industrial plant, which, as we understand the testimony, opened out upon the path to the railroad track where plaintiff's husband was standing or walking when killed.

That the place where the accident happened was one which required a close lookout, is shown by the testimony of defendant's own employees, one of them saying the train was moving slowly at this point, "because we were always on the lookout for someone who might be passing by there"; and the fact that the lookout was not well kept is indicated by the testimony of these same employees.

The material facts as we have given them (which, considering the verdict, must be, and are, stated most favorably to plaintiff) are derived from the printed evidence, and thereon both questions of defendant's alleged negligence and plaintiff's contributory negligence were for the jury. The issue as to whether or not, under the circumstances, defendant's employees kept a proper lookout, and all other questions involved, were submitted in a manner not assigned as error, the only complaint being that binding instructions ought to have been given for

defendant, and failing in this, judgment n. o. v. should have been entered in its favor.

Since we find no warrant for granting the desired relief, the assignments are overruled and the judgment is affirmed.