# Nadazny, Appellant, v. Philadelphia & Reading Railway Company.

*Negligence—Railroads—Shifting cars—Injury to workman engaged in unloading car—Notice of his presence—Question for jury.*

1. The question of a railroad company's negligence is for the jury where the evidence tends to prove that the deceased, an employee of another person, was killed by defendant's shifting train striking violently against a car in which he was at work unloading coal, so that he fell or was thrown on the track and crushed by the train, and that the conductor of the shifting train had notice before the accident that a man was at work in the car, although the evidence tending to show notice, in time to have prevented the accident, was not entirely clear.

2. A railroad company is not liable for the death of a workman caused by a shifting train bumping against the car in which he was engaged in unloading, where it was the uniform practice to have cars unloaded before noon and about one hour before the accident occurred, unless the crew of the shifting train had notice that work was still being done in the car at the time of the accident,

*Negligence—Railroads—Duty toward workmen unloading cars—Operation of shifting train.*

3. A railroad company owes the duty to use ordinary care in the operation of its shifting trains to avoid injury to workmen engaged in unloading cars on its premises.

*Negligence—Death of workman unloading car—Evidence—Presumption that decedent used due care.*

4. A workman who was killed by a shifting train striking violently against the car in which he was working is presumed to have used due care, where it appears that he could not see the approaching train and nothing is shown to charge him with contributory negligence.

*Negligence—Injury to workman engaged in unloading car—Shifting cars—Workman thrown upon track—Bumping car—Evidence as to how accident happened.*

5. The lack of proof as to just how decedent was thrown to the railroad track from the car in which he was working when a shifting train bumped into it, will not relieve the company, if it is otherwise liable, where deceased was alone and no one saw him at the time of the accident.

Argued January 8, 1920. Appeal, No. 50, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1916, No. 2813, refusing to take off compulsory nonsuit in the case of Annie Nadazny v. Phila. & Reading Railway Company. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Action of trespass for death of plaintiff's husband. Before WESSEL, J.

The court entered a nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

John J. McDevitt, Jr., with him Harry A. Gorson, for appellant, cited: Falyk v. Pa. R. R., 256 Pa. 397; Diehl v. Lehigh Val. R. R. Co., 254 Pa. 404; Engle v. Pa. R. R., 234 Pa. 305; Lotz v. B. & O. R. R., 247 Pa. 206; Miller v. Pa. R. R., 256 Pa. 142.

Wm. Clark Mason, for appellee, cited: Cunningham v. P. & R. Ry., 249 Pa. 134.

OPINION BY MR. JUSTICE WALLING, February 2, 1920:

This action of trespass is for the death of plaintiff's husband, caused, it is averred, by defendant's negligence. Defendant has a system of tracks at Manayunk by which it serves certain mills and factories there located, and among others a plant of the American Bridge Company. Such service is performed by what is called a "shifting train" which places and removes cars, loaded or empty, as required. Under and between certain of the tracks the bridge company has a coal bin which is supplied with coal from the cars placed on the tracks for that purpose. On the morning of August 2, 1916, the shifting train had left coal cars there for the bridge company to unload, and the deceased met his death while employed at that work. This appeal is by plaintiff from the judgment of the trial court refusing to take off a compulsory nonsuit.

With some hesitation we have reached the conclusion that such action was error. The evidence, as developed, was for a jury to pass upon, for it tended to prove the deceased was killed by defendant's shifting train strik-. ing violently against the car in which he was at work, so that he fell or was thrown upon the track and crushed by the car or engine; and also that the conductor of the shifting train had notice before the accident that a man was at work in the car. The case seems to turn largely upon that fact, and the evidence tending to show such notice in time to have prevented the accident, while not clear, was for the jury. Pierson, the bridge company's foreman, testified that he told the conductor to "be care-

ful pushing down there—there is a man working at the bin"; also that the engine attached to a string of cars was then pushing down. His evidence seems to indicate that this notice was given about 12 : 35 p. m.; for he says he left the office in ten or fifteen minutes and went to the yard where he was informed of the accident, which, as he recalls, occurred between 12 : 45 and 12 : 55. Another witness fixed the time of the accident somewhat later. It was the uniform practice to have the cars unloaded before noon, and, as this accident happened about one o'clock, unless the crew of the shifting train had notice that work was still being done in the car, they were not responsible for bumping against it (Cunningham v. Phila. & R. Ry. Co., 249 Pa. 134).

While the deceased was in the employ of the bridge company he was, so far as appears, in the proper performance of his work, and it was defendant's duty to use ordinary care, under the circumstances, so as not to injure him or others lawfully at work upon and about the premises: Diehl v. Lehigh V. R. R. Co., 254 Pa. 404; Magnuson v. Penna. R. R. Co., 242 Pa. 422; Rheingans v. N. Y. C. & St. L. R. R. Co., 236 Pa. 476; Boggess v. R. R. Co., 234 Pa. 379; Engle v. Penna. R. R. Co, 234 Pa. 305.

The evidence is that the deceased was working in the car where he could not see the approaching train and nothing appears to charge him with contributory negligence. In the absence of proof to the contrary, the presumption is that he used due care: Schmidt v. Phila. & R. Ry. Co., 244 Pa. 205; Woodruff v. Lehigh V. R. R. Co., 231 Pa. 640. The deceased was alone and no one saw him at the moment of accident, so it does not appear just how he was thrown to the track, but the lack of proof as to that will not excuse the defendant if otherwise liable. At this stage of the case we must assume the truth of plaintiff's evidence and any inferences that might be drawn therefrom: Harper v. Phila. R. T. Co., 258 Pa. 282. As the case may present a different aspect when

all the facts are developed, we do not care at this time to further discuss the evidence.

The assignment of error is sustained and the judgment reversed with a procedendo.