# Di Iordio *v*. Director General of Railroads, Appellant.

*Negligence—Railroads—Unloading car on private siding—Contributory negligence—Sudden danger—Res ipsa loquitur—Case for jury.*

1. Where an employee of a manufacturing concern is killed while unloading a car on a private siding, a case against a railroad company for his death is for the jury, where the evidence tends to show that defendant's shifting crew failed to make a proper coupling and take reasonable precaution to ascertain whether this had been done before releasing brakes on cars, which, when released, ran down a grade and collided with the car on which deceased was working.

2. It seems that in such case the doctrine would apply that where the thing causing the accident was under the exclusive control of defendant, and the accident was such that in the ordinary course of experience it would not have happened, had proper care been used, and cannot be accounted for on any theory except that of negligence, a presumption of negligence arises which casts upon defendant the burden of proving his freedom from fault.

3. In such case, deceased cannot be charged with contributory negligence, because he failed to observe the approaching cars. Working as he was on a private siding, he was not obliged to anticipate negligence on the part of defendant's employees, and assume they might permit a running car to coast down an incline towards the car on which he was working.

4. If it had been his duty to look, he must be presumed in the absence of evidence on the subject, to have used due care for his own safety.

5. Even if he had heard a warning shouted to him by a witness for defendant, he could not, in view of his imminent danger, be held negligent, as a matter of law, in failing to jump to the track in front of the oncoming cars and escape to one side or the other.

Argued February 8, 1921.   Appeal, No. 80, Jan. T., 1921, by defendant, from judgment of C. P. Montgomery Co., Feb. T., 1919, No. 28, on verdict for plaintiff, in case of Elizabeth Di Iordio v. Walker D. Hines, Director General of Railroads, operating the Phila. & Reading R. R.   Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for death of plaintiff's husband.   Before MIL-LER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $10,000 on which judgment was entered for $7,000, all above that amount having been remitted.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v., quoting record.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellant, cited: Lynch v. R. R., 159 Mass. 536; Marean v. R. R., 167 Pa. 220; Gallagher v. Snellenburg, 210 Pa. 642; Hoffman v. R. R., 215 Pa. 62; Sweatman v. R. R., 264 Pa. 286; Janock v. R. R., 252 Pa. 199; Livingston v. Rys., 64 Pa. Superior Ct. 593; McCoy v. Gas Co., 213 Pa. 367; Baran v. Iron Co., 202 Pa. 274; Alexander v. Water Co., 201 Pa. 252.

*Augustus Trask Ashton,* with him *Henry I. Fox* and *Victor Frey,* for appellee, cited:· Diehl v. R. R., 254 Pa. 404.

OPINION BY MR. JUSTICE FRAZER, March 14, 1921:

Plaintiff sued to recover damages for the death of her husband and received a verdict in her favor.   The court below, in its opinion refusing motions for a new trial and judgment n. o. v. for defendant, concisely states the manner and cause of the accident as follows: "Antonio

Di Iordio, the husband of plaintiff, was injured while engaged in his regular employment of unloading coal from cars standing on a single track siding in the yard of his employer, a manufacturing concern. The siding connected with the railroad of the defendant. A crew of six men had come into the yard with a locomotive and tender for the purpose of removing a draft of eight connected loaded box cars, which, with the brakes set, were standing near the top of a stiff grade on the same siding, one thousand feet or more to the easterly of the coal car about which Di Iordio was at the time employed. The tender was backed against the easterly end of the draft and all the brakes of the latter were then released. The couplers did not hold and the train broke between the tender and the first car. The eight box cars escaped, drifted rapidly down the grade, toward the west and, before they could be checked, collided with the coal car into which Di Iordio, at the moment, happened to be climbing. He was thrown off and injured so seriously that he died the same day." The negligence charged on the part of defendant was failure to make and maintain a proper and sufficient coupling between the engine and the cars to be shifted.

This case seems to be one to which we might apply the doctrine that where the thing causing the accident was under the exclusive control and management of defendant and the accident such that in the ordinary course of experience it would not have happened had proper care been used, and cannot be accounted for on any other theory except that of negligence, a presumption of negligence arises which casts upon defendant the burden of proving his freedom from fault. This rule was applied in Campbell v. Traction Co., 201 Pa. 167, a case closely analogous to the present one on its facts and where the trolley pole of a street railway car, for some unknown cause, slipped from the trolley wire, permitting the car to run backward on a descending grade and collide with

a pair of horses attached to a wagon, which were following the car.

We need not, however, rest our decision on this ground because, as stated by the court below in its opinion, the circumstances of the accident warranted the jury in concluding that defendant's employees were negligent in failing to ascertain whether a coupling was effectively made between the engine and the cars before relaxing the brakes. In view of the location of the cars at the top of a grade and the danger incident to their becoming released and running wild, the court could not say, as matter of law, defendant's employees did everything a reasonably prudent person would have done in view of the circumstances. The testimony of the conductor to the effect that at the time the engine backed in and "bumped" the cars the usual test was not applied to ascertain whether a coupling had been successfully made, warrants the conclusion that the accident resulted from the failure of the shifting crew to make a proper coupling and take reasonable precaution to ascertain whether this had been done before releasing the brakes on the cars, especially those of the rear car.

Defendant argues that deceased was negligent in failing to observe the approaching cars and that had he looked he would have seen them coming toward him in time to avoid injury. This argument might have weight had deceased been working at a point where he had reason to expect frequent movement of cars or trains. Such, however, was not the case here, as the car plaintiff's husband was boarding stood in a private yard and no reason is apparent why he should expect a shifting of other cars, without giving due warning of their approach, in such manner as to collide with the one upon which he was working. He was not obliged to anticipate negligence on the part of defendant's employees and assume they might permit a runaway car to coast down the incline toward the car upon which he was working: Young v. Transit Co., 248 Pa. 174. Conceding it to have

been the duty of plaintiff's husband to be observant and look for approaching cars before attempting to board the car he was assisting to unload, there is no evidence that he failed to discharge that duty. He was not alive to testify and we must presume he used due care for his own safety: Nadazny v. Phila. & Read. Ry., 266 Pa. 305. A fellow workman testified to having called to Di Iordio to "look out" at the time the approaching cars were but two or three lengths away. It does not appear that he heard the warning. If, however, he heard it, he cannot, in view of his imminent danger, be held negligent, as a matter of law, for continuing his effort to board the car and failing to adopt what might have been a more safe manner of avoiding injury by jumping from the car to the track in front of the oncoming cars and escaping to one side or the other: Diehl v. Lehigh Valley R. R., 254 Pa. 404.

The judgment is affirmed.