# Spring et al., Appellants, *v.* Davis, Director General.

*Negligence—Railroads—Employee of contractor—Working on track—Contributory negligence—Judgment n. o. v.*

No damages can be collected from a railroad company for the death of an employee of an independent contractor working on the tracks of the company, where the evidence shows that the deceased, being aware of an approaching train, left the track with other workmen, that he did not place himself in a position beyond danger from the train, and that a proper signal was given by the watchman, but was not heeded by the deceased.

Argued January 18, 1922.   Appeal, No. 236, Jan. T., 1922, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1919, No. 4077, for defendant n. o. v., in case of Ellen Spring et al., and Nancy Slater et al., by their next friend Ellen Spring, v. James C. Davis, Director General of Railroads, agent.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for death of plaintiff's husband.   Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,160.   Judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Lambert Ott, Jr.,* with him *Charles H. Sayre,* for appellants.

*J. Howard Rhoads,* for appellee, was not heard.

PER CURIAM, February 13, 1922:

Plaintiffs sued to recover damages for the death of their father, an employee of a contractor engaged in re-

pairing tracks of the Pennsylvania Railroad a short distance west of the station at North Philadelphia. On the morning of August 1, 1918, deceased, with other workmen, while engaged in cleaning ballast, placing ties in position and doing other work incident to repairing the tracks, was struck by a train and injured to such extent that he died shortly afterward. A verdict was rendered for plaintiff; subsequently the court entered judgment n. o. v. for defendant. Plaintiffs appealed.

From the uncontradicted testimony it appears that two whistlemen, or signalmen, were employed by the contractor to give warning to the repairmen of approaching trains; one of whom was stationed approximately 1,000 feet south of the workmen and the other the same distance north of the point at which the work was being done; that the signalman on the south, the direction from which the train was approaching, gave warning by blowing his whistle; that the workmen, including deceased, left the track, and deceased, instead of retiring a safe distance from danger, stood close to the track leaning on the fork he used in his work, which at the time rested on the protruding end of a tie in the track, and while in this position was struck by a part of the passing engine which overhung the end of the ties.

That deceased was aware of the approaching train is evident from the fact that he ceased work and left the track with the other workmen; but, having failed to place himself beyond danger, he was guilty of negligence. The very purpose of the signal by the whistleman was to give notice of the approaching train and upon hearing that signal it was the duty of deceased to be vigilant in securing his safety and this he failed to do. What we said in Biddle v. Phila., Balt. & Wash. R. R., 253 Pa. 299, is applicable here and rules this case. Under the evidence, the question of the contributory negligence of deceased was for the court and no error was committed in entering judgment n. o. v. for defendant.

Judgment affirmed.