## Buckley, Appellant, *v.* Baltimore & Ohio R. R.

*Negligence—Railroads—Trespass on tracks—Presumption—Employee—Death—Evidence.*

1. A railroad company has the right to the exclusive possession of its tracks except at crossings.

2. A person who enters upon the tracks at any other point than at a crossing is guilty of negligence per se.

3. In the absence of evidence showing permission to use the tracks of a railroad, the necessity for the exclusive use by the company in the operation of its trains excludes a presumption of the company's consent to their use for any other purpose.

4. Where the employee of a coal company is killed while on the main track of a railroad, by cars running down by gravity, no recovery can be had for his death where it appears that he was on the tracks not by invitation of the company, that he was killed at a point where he had a view of the tracks for five hundred feet, and that no one saw him as he was struck.

Argued October 2, 1922. Appeal, No. 204, Oct. T., 1922, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1920, No. 69, for defendant n. o. v., in case of Katherine Buckley in her own right and for use of Bruin Coal Co. v. Baltimore & Ohio Railroad. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before Reiber, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*J. Campbell Brandon,* with him *James M. Galbreath* and *W. D. Brandon,* for appellant.

*Thos. H. Greer,* with him *John B. Greer,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

This is an action of trespass to recover damages for the death of plaintiff's husband, in which a verdict was rendered for her; the court subsequently entered judgment for defendant; plaintiff appeals.

The facts pertinent to an understanding and disposition of the case are these: Plaintiff's husband was employed by the Bruin Coal Company as a coal trimmer. His work required him to be beneath the tipple of the coal company, which extended above and across the single main track and two switch tracks of defendant, to see that the cars, loaded on the side track with coal from the tipple, were properly loaded. In addition to these duties, he was instructed by the coal company to keep the tracks of the railroad clear of coal and refuse from the tipple and from the cars. The accident took place about two o'clock in the afternoon, no one witnessing it. Deceased was engaged at his work and was run over and killed by four freight cars traveling by gravity on the main track. The cars were started from a point beyond the tipple and ran under and past it, traveling at a speed of five or six miles an hour, no employee of the railroad accompanying them. When discovered, the unfortunate man was under one of the cars dead. He was last seen alive about fifteen minutes before the accident; between that time and the observing of his dead body, no one noticed him.

The uncontradicted evidence of the conductor of the train, to which the four cars belonged, shows they were brought from a refinery, a considerable distance away from the coal tipple, released by him and permitted to drift down the main track towards the tipple. It was established that a person standing on the main track, at

the tipple, could see along the track, in the direction from which the cars came, a distance of at least five hundred feet, and that the cars could be seen approaching for a longer distance. There is no evidence on the record to indicate how the deceased was actually engaged at or immediately before the time of the accident. The court below thus summed up the situation: "If deceased was employed in the loading of the coal car, under the testimony he had two safe places from which to observe the loading and moving of the cars without going upon the main track, and if he was on the main track for the removal of material the conductor had no knowledge thereof and had no reason to anticipate the same, as the evidence would not warrant a finding that the deceased was there by invitation of the defendant company in the clearance of its tracks, and therefore the conductor did not owe him the duty of giving warning of the approach of the cars, on the main track; the deceased had ample opportunity to see the approach of the cars."

In Bailey v. Lehigh Valley Railroad Co., 220 Pa. 516, plaintiff's contention was that, if the deceased was upon the track by the act of the railroad company, or by its license, or with its knowledge and consent, express or implied, and was killed as a result of the company running its engine backwards, without a light, the plaintiff was entitled to recover. Answering this contention, we said: "It is settled law in this State that a railroad company has the right to the exclusive possession of its tracks except at crossings; and that a person who enters upon the tracks at any other point than at such crossings is guilty of negligence per se. [and]......In the absence of evidence showing permission to use its tracks, the necessity for the exclusive use by the company in the operation of its trains excludes any presumption of the company's consent to its use for any other purpose." The principle announced in that case, and in a long line of cases preceding it, controls the one at bar and prevents plaintiff's recovery.

The judgment is affirmed.