## Cubitt *v.* New York Central Railroad Co., Appellant.

*Negligence—Railroads—Signals—Evidence—Case for jury.*

1. Where a person is killed by an engine on a railroad track, and it is claimed that no signal was given, mere negative evidence to that effect is insufficient to make out plaintiff's case.

2. But if a witness for plaintiff testifies that he was in a position to hear, and would have observed if any warning had been given, such testimony, even if contradicted by several witnesses, is sufficient to carry the case to the jury.

*Negligence—Railroads—Death—Crossing or walking on tracks —Contributory negligence—Oral evidence—Proven physical facts —Rebuttable presumption.*

3. Where a person is killed while crossing or walking on the tracks of a railroad at a point where his work does not require him to be, the fact that the railroad company is negligent in not giving a signal, or in running its engine backward, does not relieve deceased from using proper care to protect himself.

4. Where an accident results in death, the presumption of the use of proper vigilance, under the circumstances, arises, but this is rebuttable, and when the proven facts show that the deceased must have seen, if he had looked, the court is bound to so declare.

5. If oral evidence is shown by proven physical facts to be untrue, the former must be disregarded.

6. Where the indisputable physical testimony, as indicated by actual measurements, maps or photographs, negatives the existence of a fact ordinarily presumed, it is not necessary to submit to the jury the credibility of witnesses who testify to the contrary.

Argued September 25, 1923. Appeal, No. 153, Oct. T., 1923, by defendant, from judgment of C. P. Venango Co., April T., 1922, No. 9, on verdict for plaintiff, in case of Ada Cubitt v. New York Central Railroad Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $14,800. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*A. R. Osmer,* with him *N. F. Osmer,* for appellant.

*Quincy D. Hastings,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

The plant of the Atlantic Refining Company between Oil City and Franklin covers a large tract of

ground, upon which various buildings have been constructed. Under an agreement, the New York Central Railroad installed a siding, connecting its main track on the east with the powerhouse of the refinery, located to the west. Coal cars were transported over it,—usually between four and five o'clock in the afternoon,—and the making of the daily movement was known to the workmen engaged on the premises. A train was pushed in on June 23, 1922, at the regular hour, left its consignment at the place provided, and returned toward the east with empty cars, the tender of the engine facing front. While moving in this direction, Cubitt, an employee of the refinery, was struck and killed.

The widow brought suit for damages on behalf of herself and children, claiming death was the result of negligence in handling the engine which hit her husband. A lack of signals or notice of the advance of the train was averred, and several witnesses testified that no bell was rung or whistle blown. All of this evidence was negative in character, and insufficient to make out plaintiff's case (Anspach v. P. & R. Ry. Co., 225 Pa. 528; Kubrak v. P. R. R. Co., 255 Pa. 379; Craft v. Hines, 272 Pa. 499), except that given by Bross, a fellow employee of Cubitt, who asserted he was in a position to hear, and would have observed if any warning had been given. This statement, though contradicted by several witnesses, was sufficient to carry the question of defendant's negligence to the jury (Hugo v. B. & O. R. R. Co., 238 Pa. 594), and appellant's complaint of its submission, now made here, cannot be sustained.

A more serious controversy rests on the claim that the facts and circumstances attending the accident so clearly indicate a lack of proper care on the part of deceased as to prevent recovery. The request for binding instructions on this ground was declined, and the court below refused to enter judgment for the defendant on motion subsequently made. The correctness of this action is to be considered, having in mind the rule that

all proven facts, and reasonable inferences therefrom, must be regarded in a light most favorable to plaintiff, since the finding of the jury was in her favor.

Cubitt had been an employee of the Refining Company for some time and was acquainted with the surroundings. He knew the train entered the switch track daily at about the same hour, moved west to the powerhouse and returned thereafter to the main line with empty cars. On the day of the accident, he saw it make the accustomed trip when he passed coming east from the boiler house to reach the other side of the plant. He walked, with a tool box over his left shoulder, and carrying a dinner bucket, on a generally used gravel path, which extended along the side from the power house to a private driveway. From the end, he continued to advance, either on the track, or by its side, where there was ample room for pedestrians. The engine approached backwards, in the same direction as that in which the deceased was moving, at a speed of from fifteen to twenty miles an hour, and struck him past the line of the first shed, while he was crossing the rails,—to use the words of plaintiff's statement. The train crew failed to observe any one, and the exact location of the accident is not fixed, but the uncontroverted physical facts indicate the place: Horen v. Davis, 274 Pa. 244. As stated by a witness on each side, a shoe, a part of his leg, and objects carried by him, were found about twenty-five feet beyond the corner of the building, and the body between the rails, approximately one hundred feet farther east, along the coal trestle, where it evidently had been dragged.

The deceased was not required by his duties to be upon the track, and the right to damages is not controlled by the authorities which hold such proof makes necessary the submission to the jury of the question of due care on the part of the one injured: Van Zandt v. P., B. & W. R. R. Co., 248 Pa. 276; Dutrey v. P. & R. Ry. Co., 265 Pa. 215; Nadazny v. P. & R. Ry. Co., 266

Pa. 305. Had he been so engaged, without reason to expect any sudden movement of the train likely to inflict harm, he could not be held guilty of contributory negligence in continuing at his work: Di Iordio v. Director General, 270 Pa. 111. Even in such case, if the employee has taken a position not required in the performance of his duties, and injury results, no recovery can be had: Bardis v. P. & R. Ry. Co., 267 Pa. 352; Buckley v. B. & O. R. R. Co., 275 Pa. 360. Here, Cubitt followed an accustomed path to a point near the place of accident, but he was not hurt while on it, as in Slamovitz v. P. R. R. Co., 266 Pa. 63. He had gone beyond, and, when struck, was either walking between, or too close to, the rails, or crossing over, and further had reason to believe that the train, which he had seen earlier, might approach from the west. It was his duty to exercise due caution to avoid the danger to be anticipated: Biddle v. P., B. & W. R. R. Co., 253 Pa. 299; Stoker v. P. & R. Ry. Co., 254 Pa. 494.

The fact that the defendant was negligent in not giving a signal, or in running its engine backward, did not relieve the deceased from using proper care: Smith v. McAdoo, 266 Pa. 328. From the corner of the shed, near the point of accident, there was an unobstructed view of the track to the power house, and the same was true from the fire plug, slightly beyond, where a shoe, with a foot in it, a dinner bucket and a notebook, were found, according to the testimony of a witness for plaintiff. Certainly, an approaching train could be observed for a considerable distance,—appellant states for 1,800 feet, a fact not controverted in the counter-history filed, and, it may be assumed, appellee is satisfied with the estimate made (Rule of Court No. 47). That the engine and cars must have been seen for a long way by any one who looked is apparent from an examination of the map and photographs submitted. Farther on, where the body was found, the line of vision was much reduced, the shed interfering because of a bend in the road. Had Cubitt

looked and observed, there was ample room for him to have stepped to safety to the south, and no recovery can be had where there is apparent failure to exercise due care to protect himself: Mensch v. Director General, 274 Pa. 356; Lapinco v. P. & R. Ry. Co., 257 Pa. 344. The accident resulted in death, and the presumption of the use of proper vigilance, under the circumstances, arose, but this is rebuttable, and, when the proven facts show that the deceased must have seen if he had looked, the court is bound to so declare: Hamilton v. C. R. R. of N. J., 227 Pa. 137; Warner v. Peoples St. Ry. Co., 141 Pa. 615.

If oral evidence is shown by proven physical facts to be untrue, the former must be disregarded: Lessig v. Reading L. & T. Co., 270 Pa. 299; Chapman v. Clothier, 274 Pa. 394. Likewise, a presumed fact falls in the face of incontrovertible testimony to the contrary, given by witnesses, or derived from proof of the attending circumstances: Hazlett v. Director General, 274 Pa. 433. It is urged, however, that in all such cases the jury must pass on the question, and, when the credibility of witnesses is alone involved, this statement of the legal rule is correct: Holzheimer v. Lit Bros., 262 Pa. 150; Shaughnessy v. Director General, 274 Pa. 413. But where the indisputable physical testimony, as indicated by actual measurements, maps or photographs, negatives the existence of the fact ordinarily presumed, this is not true: Hill v. P. R. T. Co., 271 Pa. 232; Seiwell v. Hines, 273 Pa. 259. The assumption of the use of due care to avoid a threatened injury has no weight when the actual conditions disclosed upon the ground clearly establish that the deceased had for a long distance an unobstructed view of the train, moving at a moderate rate, and was struck while between the rails of the switch, or nearer to it than was safe. The only conclusion is that Cubitt either did not make an effort to see when he proceeded along the track, or did observe and was heedless of the impending danger. In either case he was guilty of

contributory negligence, and, consequently, no recovery can be had.

The judgment is reversed, and is here entered for the defendant.