# Hugo, Appellant, v. Baltimore & Ohio R. R. Company.

*Negligence—Contributory negligence—Railroads—"Stop, look and listen"—Presumption—Evidence—Court and jury.*

1. In the trial of an action to recover damages for the death of plaintiff's husband, where it appears that he was killed at a grade crossing in consequence of being struck by a train of defendant company, the presumption is that he exercised due care before entering upon the track, and in the absence of any clear evidence to show that he did not stop, look and listen at a proper place of observation, the question of his contributory negligence must be submitted to the jury.

2. Positive evidence on the part of one witness that the train which struck deceased in the above case gave no signal, and had no headlight, is sufficient to carry the question of defendant's negligence to the jury, notwithstanding contradiction offered by the defendant.

Argued Oct. 31, 1912. Appeal, No. 182, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1910, No. 374, in favor of defendant n. o. v. in case of Leona Hugo v. Baltimore & Ohio Railroad Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband. Before REID, J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of the plaintiff for $3,000.00.

The court subsequently entered judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was the action of the court in entering judgment for defendant n. o. v.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellant.—The case was for the jury: Beach v. R. R. Co., 212 Pa. 567; Bard v. Ry. Co., 199 Pa. 94; Cromley v. Penna. R. R. Co., 208 Pa. 445; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Cohen v. R. R. Co., 211 Pa. 227.

*William Watson Smith,* with him *Gordon & Smith,* for appellee.—The evidence of defendant's negligence was not sufficient to go to the jury: Knox v. Ry. Co., 202 Pa. 504; Anspach v. Philadelphia, &c., Ry. Co., 225 Pa. 528; Holland v. Kindregan, 155 Pa. 156; Lonzer v. R. R. Co., 196 Pa. 610.

The deceased was guilty of contributory negligence: Kraus v. R. R. Co., 139 Pa. 272; Hughes v. Canal Co., 176 Pa. 254; Meitzner v. B. & O. R. R. Co., 224 Pa. 352; Ayers v. Railway Co., 201 Pa. 124; Cohen v. Railroad Co., 211 Pa. 227; Aiken v. R. R. Co., 130 Pa. 380; Hamilton v. Central R. R. of N. J., 227 Pa. 137; Joyce v. B. & O. R. R. Co., 230 Pa. 1; Canfield v. R. R. Co., 208 Pa. 372; Myers v. B. & O. R. R. Co., 150 Pa. 386; Hess v. R. R. Co., 181 Pa. 492; Baker v. R. R. Co., 182 Pa. 336; Paul v. Ry. Co., 231 Pa. 338.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

At the trial this case was submitted to the jury and resulted in a verdict in favor of the plaintiff for $3,000.00.   Subsequently, judgment non obstante veredicto for defendant upon the whole record was directed to be entered by the learned court below.   From the judgment so entered this appeal was taken.   There is but

one assignment of error and that raises the single question whether upon the whole record the court was warranted in entering judgment for defendant in disregard of the verdict of the jury. In other words, under the testimony introduced at the trial, was it the province of the court, or of the jury, to pass upon and determine the questions of negligence, and of contributory negligence, involved in the case? On an evening in January, 1909, after dark, the husband of appellant, while walking over a grade crossing upon a public street in the Borough of Braddock, was struck and killed by a passing engine of the defendant company. Excessive speed and failure to ring a bell, blow a whistle, or give other proper warning of the approach of the engine to the crossing, are the negligent acts charged and relied on to sustain a recovery. No one saw the decedent immediately before going upon the tracks, and no one but his wife, appellant here, saw him after he was committed to the crossing and at the exact time of the accident. In substance, she testified that her husband started out on the evening of the accident either to go up street, or to visit the home of his son; that he left the house by the side entrance as was his custom; that she went to the front of the house after he left for the purpose of calling to him to take the key if he was going up street, or to wait for her if he was going to his son's home; that she first saw him on the second track of the crossing; that as he proceeded on his way she noticed the engine rapidly approaching; that no bell was rung, no whistle blown and the engine had no headlight; that her husband had reached the fourth track when she saw him throw up his hands and as she thought jump to get out of the way of the engine; that after the engine passed she saw a man on the other side of the crossing going up the sidewalk who she thought was her husband and therefore concluded he was safe; that she then did some shopping and returned to her home before it occurred to her that the man she saw walking on the other side of the cross-

ing might not have been her husband; that she then
started out to make inquiry and when she reached the
fourth track she saw a hat and a little further from the
crossing, the dead body of her husband. This is a fair
recital of the material facts to which appellant testified
and her right to recover depends very largely upon this
testimony. Was it sufficient to take the case to the jury
on the question of defendant's negligence? Her testi-
mony as to failure to ring a bell, blow a whistle, and
that the engine had no headlight, was positive and di-
rect. She was in a position where she could see and
hear, and her answers to questions asked for the pur-
pose of developing these material facts were unequivo-
cal and straight to the point. On the other hand, the
defendant proved by the direct and positive testimony of
the engineer and fireman that the bell was rung, the
whistle blown, and that the headlight was lit. On this
branch of the case the evidence was in direct conflict.
Whose duty was it to decide who was telling the truth?
In a sense these were all interested witnesses. Their
credibility was for the jury. It is true there were many
facts and circumstances tending to weaken, or perhaps
discredit some of the testimony, but surely the jury must
determine such matters. Much that has been said ap-
plies with equal force to the question of contributory
negligence. The husband was killed instantly. Death
sealed his lips and no one knows what he did as he ap-
proached the crossing and what the situation was from
his point of view at the time of the accident. The pre-
sumptions are all in his favor. The law presumes that
he did his duty and his widow is entitled to the benefit of
that presumption. Of course, this is only a presump-
tion which may be rebutted, and in the present case, ap-
pellee very properly introduced evidence for this pur-
pose. But this evidence related to physical conditions
on the ground, distance between tracks, unobstructed
view in the direction from which the engine came and
other like matters. It all tended to show that decedent

was not exercising care, and had a bearing upon the question of his imperative duty to stop, look and listen. We, however, are not convinced that it was so clear, viewed in the light of all the circumstances, as to make the question of contributory negligence one of law and not of fact. In considering this question it is important to remember that the accident occurred in the night time, after dark, when the range of vision was very limited. When the facts are disputed, or when different inferences may be drawn from them, it is the province of the jury to determine what the true facts are and what inferences they warrant. It is only in clear cases that this duty devolves upon the court. In our opinion the present is not such a case. We must conclude that the jury believed the testimony of appellant without which there could have been no recovery. If this testimony be believed the jury might very properly draw the inference that decedent was run down by the engine without notice or warning, even if he had stopped, looked and listened before attempting to cross and had exercised reasonable care after being committed to crossing. The facts are disputed, and different inferences may be drawn from them. It was therefore a case for the jury.

Judgment reversed and is here entered for appellant on the verdict.

