## Powell, Appellant, *v.* Bessemer & Lake Erie Railroad Company.

*Negligence—Railroads—Grade crossing—Case for jury.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, the case is for the jury where the evidence shows that the accident happened on a stormy night at a grade crossing where there were four tracks, that the deceased was struck on the last track, that no witness actually saw the deceased struck, and the evidence is conflicting as to whether a bell was rung or a whistle blown, and as to the rate of speed at which the train was moving.

Argued Nov. 16, 1916. Appeal, No. 5, April T., 1917, by plaintiff, from judgment of C. P. Erie Co., May T., 1914, No. 166, for defendant n. o. v. in case of Eunice Powell v. Bessemer & Lake Erie Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*L. E. Torry*, for appellant.—It is only in clear cases that the court can determine, as a matter of law, that there was no negligence, or that there was contributory negligence on the part of the plaintiff: Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205; Hugo v. Baltimore & Ohio R. R. Co., 238 Pa. 594; Penna. R. R. Co. v. Weber, 76 Pa. 157; Howard v. B. & O. R. R. Co., 219 Pa. 358; Patterson v. Pittsburgh, Etc., Ry. Co., 210 Pa. 47; Fink v. Smith, 249 Pa. 541; Miller v. Lehigh Valley Railroad Co., 58 Pa. Superior Ct. 558; Terry v. Delaware and L. & W. Railroad Co., 60 Pa. Superior Ct. 451; Devlin v. Beacon Light Co., 198 Pa. 583.

*Frank Gunnison*, of *Gunnison, Fish, Gifford & Chapin*, with him *Templeton & Whiteman*, for appellee.—Negligence of appellee was not shown: Hauser v. Cent. R. R. Co. of N. J., 147 Pa. 440; Newhard v. Penna. R. R. Co., 153 Pa. 417; Keiser v. Lehigh Val. R. R. Co., 212 Pa. 409.

The deceased was guilty of contributory negligence: Gangawer v. Philadelphia & Reading R. R. Co., 168 Pa. 265; Connerton v. Del. & Hudson Canal Company, 169 Pa. 339; Seamans v. Del., L. & W. Railroad Company, 174 Pa. 421; Sullivan v. New York, Lake Erie, Etc., Railroad Company, 175 Pa. 361; Blight v. Camden, Etc., Railroad Company, 143 Pa. 10; Myers v. B. & O. Railroad Company, 150 Pa. 386; Blotz v. Lehigh Valley Railroad Company, 212 Pa. 154; McKahan v. B. & O. Railroad Company, 223 Pa. 1; DeHoff v. Northern Central Ry. Company, 229 Pa. 192; Darbrinsky v. Pennsylvania Company, 247 Pa. 177; Bernstein v. Pennsylvania Railroad Company, 252 Pa. 581.

OPINION BY ORLADY, P. J., December 18, 1916:

The plaintiff's husband was killed by an engine of the defendant company, while he was walking over a grade crossing. At the time of the accident he had crossed in safety three tracks and was struck when at the farther rail of the fourth track. No eye witness testified as to the happening of the accident. The evidence was conflicting as to whether a bell was rung or a whistle blown, and as to the rate of speed at which the train was moving.

At the close of the plaintiff's case a motion for a nonsuit was made, but in the opinion of the trial judge, the testimony was so conflicting that the disputed questions of fact were submitted to the jury, under a clear and adequate charge. A verdict of $1,500 was returned by the jury in favor of the plaintiff, when, upon a motion by the defendant, a judgment was entered in its favor, non obstante veredicto. The plaintiff brings this appeal.

The learned court below, when entering judgment for the defendant held, the refusal of a nonsuit was right, for the reason that the speed of the train under all the circumstances, and whether it was compatible with the safety of the public on a much-traveled street, were questions for the jury. The negligence alleged by the plaintiff was the excessive speed of the train at the grade crossing and the lack of warning of its approach. The defense was, the contributory negligence of the decedent. In submitting the case to the jury, the trial judge, WALLING, J., after carefully reviewing the disputed facts, stated,—"You should decide this case fairly, according to the weight of the evidence. If you believe the evidence for the defense as to the speed of the train and as to the signals, you should promptly find a verdict for the defendant, because if that was the speed of the train and the signals were given, there was no negligence on behalf of the company. If you do not believe the defendant's evidence, but believe the testimony on the other side and find that the railroad company was negligent in the

manner in which it operated its train and engine on this occasion, then it will be necessary for you to take up the question as to the contributory negligence of the plaintiff's deceased husband.  The law presumes that he exercised due care; the burden of showing want of ordinary care on his part is upon the defendant, but that presumption is rebuttable by the evidence, and you are to consider all the evidence and decide whether or not he was negligent.  If he was guilty of negligence which contributed in any degree, however slight, to the happening of the accident, then his widow cannot recover.  Before you find for the plaintiff you must not only find that the railroad company was to blame, but that Mr. Powell was free from fault which contributed to the accident."

After a careful view of all the evidence in the case, we can find no reason for the substitution of our judgment for that of the jury in deciding, under the conflicting evidence in the case, that this decedent was guilty of contributory negligence.  The testimony adduced by the defendant would fairly warrant the conclusion that this train approached the crossing without due regard to the safety of travelers over it.

The jurors had the advantage of seeing the witnesses, and of more accurately gauging the weight to be given to their testimony.  It has been frequently held that it is only in clear cases that the appellate court can determine, as matter of law, that there was no negligence on the part of the defendant, or that the plaintiff was guilty of contributory negligence.  Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205; Hugo v. B. & O. R. R. Co., 238 Pa. 594; Howard v. P. & O. R. R. Co., 219 Pa. 358, in which case it is stated: "We have said many times that the rule set forth in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, is in its nature only applicable to clear cases. It applies only where a person enters upon a railroad track and is struck by a moving train so instantaneously as to raise a legal presumption that he did not stop, look and listen, and to rebut any presumption that he had

done so. Where there is doubt as to negligence upon the part of the plaintiff, the case is for the jury."

In the present case, the plaintiff's husband entered upon the track under obscure and doubtful weather conditions, caused by wind, rain and snow. He appeared to be walking fast or running and passed over three tracks in safety, but when leaving the fourth track was struck by an engine which approached at a high rate of speed. Whether proper signals were given was disputed, as well as the conflicting testimony as to his manner of crossing the tracks. These important facts were not to be decided as matter of law, and all were fully and fairly submitted to the only tribunal authorized to decide them.

The judgment is reversed. The record is remitted to the court below with direction to enter judgment for the plaintiff on the verdict.