# Citro *v.* Director General of Railroads, Appellant.

*Negligence—Railroads—Crossing tracks at station—Contributory negligence—Presumption.*

Where a person at a railroad station, at which there are four tracks, waits until a train has passed on the second track, then starts to cross, and is struck by an express train on the fourth track and killed, the question of defendant's negligence and the

deceased's contributory negligence is for the jury, where the evidence shows that the night was dark, that the safety gates were up, and that the express train approached the crossing at great speed, without headlight and without signal from bell or whistle. The presumption of due care by deceased made his negligence a question of fact.

Argued October 12, 1920.    Appeal, No. 96, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., April T., 1919, No. 1996, on verdict for plaintiff, in case of Katherine Citro v. Walker D. Hines, Director General of Railroads, operating Pittsburgh, Fort Wayne & Chicago Railroad Co.  Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Trespass for death of plaintiff's husband.    Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,253.50.  Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall* and *Louis V. Barach,* for appellee.

PER CURIAM, December 31, 1920:

The station of the defendant company at Leetsdale is on the north side of four tracks, running east and west. On February 9, 1919, at about ten o'clock p. m., the husband of the plaintiff, after waiting at the station until a westbound freight train had passed on the second track, started to cross over to the south side of the tracks, and, when on the fourth, was struck by a rapidly moving eastbound express train and instantly killed.    On this

appeal from the judgment on the verdict in favor of his widow, the contention of the defendant company is that its motion for judgment n. o. v. should have been allowed. It was dark and there was positive testimony that the safety gates were up, that the express train approached the station at great speed, without headlight, and without signal from bell or whistle. The negligence of the company was clearly for the jury, and the presumption that the deceased had exercised due care, in view of the situation as described by the plaintiff's witnesses, made his contributory negligence a question of fact, and not of law for the court: Hugo v. Baltimore & Ohio Railroad Company, 238 Pa. 594.

Judgment affirmed.