# Razzis et ux. *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Grade crossing—Collision with wagon —Signals—Negative testimony—Sudden peril—Error of judgment —Evidence — Res gestæ — Witness — Opinion — Presumption of care—Burden of proof—Case for jury.*

1. Where a person, who dies as a result of injuries sustained in a collision between a wagon he was driving and a train at a grade crossing, makes statements within five or ten minues after the collision and before he is removed from the place thereof, such statements are a part of the res gestæ and admissible in evidence.

2. In such case, where it appears that the horses had stopped on the track in front of the train, and that deceased had apparently tried to back off the track, it is proper to refuse to permit a witness to testify as to whether the driver could have cleared the track by going forward.

3. Such testimony is properly excluded as calling for an opinion of the witness, and, in any event, was not important, as the driver, placed in sudden peril, was not responsible for an error of judgment.

4. Testimony of a witness for plaintiff, in a grade crossing collision case, that no signals were given until the moment of the accident is sufficient to take the case to the jury, notwithstanding evidence for the defense that proper warning was given, if it appears that such witness was standing near the track and in a favorable position to hear warnings if they had been given; this was more than negative testimony.

5. In such case, testimony of two witnesses for the defense, tending to show that the deceased did not keep a proper look-out, is not sufficient as matter of law to overcome the presumption of due care on his part, where it appears that such witnesses merely glanced at him.

Argued May 13, 1924. Appeal, No. 6, Jan. T., 1925, by defendant, from judgment of C. P. Schuylkill Co., March T., 1919, No. 122, on verdict for plaintiffs, in case of Adam Razzis and Lizzie Razzis, his wife, v. Phila. & Reading Ry. Co. and James C. Davis, Director General of Railroads. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for death of plaintiffs' son. Before Bechtel, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,610. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*John F. Whalen,* with him *George Ellis,* for appellant.

*M. A. Kilker,* with him *Walter G. Treibly,* for appellees.

Opinion by Mr. Justice Walling, July 8, 1924:

The facts of this case and general legal principles involved sufficiently appear in the former appeal (Razzis v. Phila. & Reading Ry. Co., 273 Pa. 550), where we held the case was one for a jury. The present appeal, however, alleges certain trial errors to which we will refer. Within five or ten minutes after the collision and before the injured boy had been removed from the place thereof, he made statements as to how the accident occurred, which were clearly a part of the res gestæ (Smith v. Stoner, 243 Pa. 57), and properly admitted as such.

It will be recalled that when the horses driven by the deceased had stepped upon the track in front of the approaching train, they halted and he apparently tried

to back off the track.   In view of this, defendant asked an eyewitness whether the driver could have cleared the track by going forward.   This was properly excluded as calling for the opinion of the witness, and, in any event, was not important as the driver, placed in sudden peril, was not responsible for an error of judgment.

Plaintiffs' witness, Scully, was standing near the track and in a favorable position to hear warnings if given by those in charge of the approaching train, and his very positive evidence that the bell was not rung nor whistle blown, until the moment of accident, was sufficient to take that question to the jury notwithstanding evidence for the defense that proper warning was given: Cubitt v. New York Central R. R. Co., 278 Pa. 366; Hugo v. B. & O. R. R. Co., 238 Pa. 594; and see Thatcher v. Pierce, 281 Pa. 16; Duffy v. York Haven Water & Power Co., 233 Pa. 107; Thomas v. Penna. R. R. Co., 275 Pa. 579. Moreover, Scully was corroborated by the negative evidence of White and some other witnesses, called by defendant, to the effect that they heard no signals.   In view of Scully's testimony it could not be affirmed that this branch of plaintiffs' case was supported only by negative testimony, or that defendant's evidence as to signals stood uncontradicted.

The testimony of one or two witnesses, called for the defense, tended to show the deceased did not keep a proper look-out as he drove upon the crossing, but they only glanced at him and it cannot be declared as a matter of law that their evidence was sufficient to overcome the presumption of due care on his part.   The proof on the second trial disclosed no controlling difference from that of the first, hence the trial judge properly submitted the case to the jury (Kirk v. Showell, Fryer & Co., 279 Pa. 288), and did so in a charge entirely free from error. Other questions raised are sufficiently discussed in the former opinion.

The judgment is affirmed.