Kunicki et al., Appellants, *v.* Lehigh Valley Railroad Co.

Argued April 23, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*R. L. Levy,* with him *A. M. Lucks,* for appellants.

*Clarence Balentine,* of *Kelly, Balentine, Fitzgerald &
Kelly,* with him *Evan C. Jones,* for appellee.

OPINION BY MR. JUSTICE DREW, May 25, 1936:

Plaintiffs' daughter, fifteen years of age, was killed by
one of defendant's trains while crossing its double tracks
at a public crossing. The appeal is from the refusal of
the court below to take off the compulsory nonsuit en-
tered at the close of plaintiffs' evidence.

Regarded most favorably to plaintiffs, their evidence
discloses that the accident happened at seven o'clock on
an evening in July, when it was still daylight and clear.
From a point about twenty-six feet west of the first rail
of the first track a view of a train approaching from the
southwest could be had for a distance of approximately
750 feet. The distance increased by thirty or forty feet
as the first track was approached, so that if decedent had
looked when she reached the first track she could have
seen an oncoming train at least 780 feet away. Coming
from the west, she was struck by an overhanging cylin-
der on the left side of the engine, which was traveling on
the second track and was drawing a train of fifty or more
freight cars. The speed of the train was estimated to be
between fifty-five and sixty miles an hour. It was testi-
fied that decedent stopped and looked approximately
fifteen feet from the first rail of the first track. Imme-
diately prior to the accident a sedan automobile, travel-
ing forty to forty-five miles an hour in the same direction
in which she was walking, crossed the tracks between
her and the train and barely missed being struck by it.

The distance between the first rail of the first track and the first rail of the second track was fixed at about thirteen feet.

We are convinced the court below was right in concluding that decedent was contributorily negligent. She was bound not only to stop, look and listen before entering the tracks but to continue to be vigilant until the crossing was safely completed: *Matesky v. Lehigh Valley R. R. Co.*, 312 Pa. 233, and cases there cited. There can be no doubt that she would have seen or heard the train if she had fulfilled her duty in that respect, and her failure to do so bars plaintiffs' recovery. She moved into the path of an approaching train by which she was immediately struck, and, under familiar principles, testimony of watchfulness is therefore vain: see *Dando v. Brobst*, 318 Pa. 325, 328, and cases there cited. The passing automobile, traveling at the speed at which it was, could not have obscured her vision for more than a fraction of a second, if at all. Similarly, suggestions in the record that a view of the train was prevented by other passing traffic are of no avail. The required vigilance would have prompted her to refrain from entering either of the tracks until her vision was sufficiently unobstructed to permit her to cross in safety. The motion to take off the nonsuit was quite properly refused.

We have preferred to pass upon the merits of the case rather than upon the motion to quash the appeal in order that plaintiffs may not feel their cause has been unjustly treated. In view of our disposition of the case, defendant has no cause to complain of our action in this regard.

Judgment affirmed.