Opinion by
 

 Baldrige, J.,
 

 The only question before us in this appeal in a trespass action is whether there was sufficient proof of defendant’s negligence to submit to a jury.
 

 The facts as adduced upon the part of the plaintiff are as follows. On October 6, 1938, at about 10:20 a.m. in rainy, foggy weather, Earl Rothenberger was driving eastwardly on the Dauberville Road a loaded truck leased by his employer, the Excelsior Bottling Company of Reading, from the plaintiff. Approaching the point, with which he was familiar, where the highway crosses at grade defendant’s two sets of tracks and where there is erected a “Stop, Look and Listen” sign, but where no lights, bells, and gates are maintained, he was required, due to the grade, to go into extra low gear at which his top speed was one to one and one-half miles per hour. When he was about 20 feet from the first rail of the southbound track he stopped “in particular to listen for a whistle” but from his enclosed cab with the left window, the one next to him, open and the right one closed he heard no signal of any kind of an approaching train. His view to the left was blocked by the railroad station; to the right, or the direction from which the train was' coming, his vision was not obstructed, but limited to about 680 feet due primarily to the weather conditions and also to the slight curve to the right of the northbound track, which is lower than the southbound. The driver, looking to the left after he had stopped and then to his right and seeing no train, proceeded. When his truck was almost on the northbound track the train, then about 250 feet away, first came into his view. Before he could quite clear the tracks
 
 *187
 
 it struck the right rear wheel of the truck and demolished it.
 

 Clyde Rothenberger, a passenger in the truck, seated on the right side of the cab, testified that the truck was stopped 25 or 30 feet from the first rail and then proceeded in extra low gear. At the point the truck stopped the witness could see 500 feet to his right. He looked in that direction out the window, which was closed as the rain was coming from that side, but he could not see an approaching train. He then turned to the left and saw that the tracks were clear. When he looked to the right again, just as the front of the truck passed over the second rail of the southbound tracks, he observed the express train 450 feet away.
 

 We are of the opinion that there was sufficient positive evidence that no warning signals were given of the approaching train to raise the question of defendant’s negligence for the jury’s consideration, notwithstanding the testimony, by a number of witnesses called by the defendant, that warning signals were given. The occupants of the truck were in a position where they could hear, and according to the driver’s testimony the primary purpose of his stopping was to look and listen for warnings. The plaintiff’s proof of the circumstances attending the accident consisted of direct and affirmative, rather than negative, statements. Contributory negligence may only be declared judicially when it is so clearly disclosed that fair and reasonable persons could not disagree as to its existence:
 
 Altomari v. Kruger et al.,
 
 325 Pa. 235, 240, 188 A. 828.
 

 In
 
 Hugo v. Baltimore & Ohio R. R. Company,
 
 238 Pa. 594, 86 A. 482, the widow of the decedent, who was the only witness, testified that the train gave no signal and had no light. The court held that positive evidence on the part of one witness who was in a position to see and hear was sufficient to carry the question of defendant’s negligence to the jury, notwithstanding the contradictory evidence offered by the defendant.
 

 
 *188
 
 In
 
 Sanders v. Pennsylvania Railroad Company,
 
 336 Pa. 424, 9 A. 2d 413, the facts were quite similar to those before us. A train ran into a heavily loaded truck on a rainy, foggy morning, where the visibility was reduced to only 250 feet. The negligence alleged was the failure to give an audible signal and the non-operation of blinker lights. Testimony was given by those in a position to hear and see, that no adequate warning was sounded in sufficient time to make it effective. The court held that the assertions of those in a position to know that a warning was not given was not negative testimony. See, also,
 
 Hoffman v. Pittsburgh & L. Erie R. R.,
 
 278 Pa. 246, 250, 122 A. 274;
 
 Usher v. Pittsburgh & L. Erie R. R. Co.,
 
 340 Pa. 234, 16 A. 2d 387.
 

 We think the case in hand comes in line with those cases to which we have referred rather than
 
 Craft v. Hines, Director General,
 
 272 Pa. 499, 116 A. 379, and
 
 Miller v. Penna. R. R.,
 
 299 Pa. 63, 149 A. 85, where the evidence in each case did not show that the witnesses for the plaintiff were watchful or attentive and therefore was of a negative and unsatisfactory character.
 

 In
 
 Cubitt v. New York Central Railroad Co.,
 
 278 Pa. 366, 123 A. 308, the evidence was clearly of a negative character, except that given by Bross, a fellow employee of Cubitt, who asserted that he was in a position to hear and would have observed it if any warning had been given. The court held that this statement, though contradicted, was sufficient to carry the question of defendant’s negligence to the jury, and appellant’s complaint of its submission could not be sustained. The plaintiff was not permitted to recover on account of her deceased husband’s contributory negligence in other respects.
 

 A careful review of this record brings us to the conclusion that the plaintiff made out a case for the jury’s consideration. We find no reason to interfere with the judgment entered. Affirmed.