Opinion by
 

 Baldrige, J.,
 

 This is a grade crossing case. The principal issues raised at the trial were as follows: (1) Was the driver of the truck guilty of contributory negligence, and if so, was it imputable to the plaintiff? (2) Were the defendant’s employes guilty of negligence in failing to give warning of the approach of a passenger train?
 

 The plaintiff, who lived and worked on the farm of his father, Abraham R. Moyer, claimed that he was
 
 *180
 
 the owner of the truck and that Earle Texter, the driver, was an employe of his father. If the jury accepted this testimony as true, even if they found that the driver was guilty of contributory negligence, it was not imputable to the plaintiff:
 
 Eline v. Western Md. Ry. Co.,
 
 262 Pa. 33, 36, 104 A. 857.
 

 The accident occurred at '5:00 p.m., July 26, 1938, on Bergey’s Road crossing about a mile north of Hatfield station on the main line of defendant’s Bethlehem Branch, and admittedly resulted in the destruction of plaintiff’s truck. Fortunately the driver escaped and apparently was not seriously injured. The highway at that point runs generally east and west and just before it crosses over defendant’s two sets of tracks, which run practically north and south, there is a substantial incline. There were no warning signals maintained at this crossing other than the usual “Stop, Look and Listen” sign. At a point 735 feet north of the crossing the tracks curve to the west.
 

 Texter, the truck driver, testified that he was traveling west and when he was four feet from the easterly rail of the defendant’s northbound track he stopped and looked south or to his left, the direction from which the train came, and then north and neither saw nor heard the train. He stated: “...... I listened for a whistle and there was no whistle blown nor bell rung.” Then he threw his truck into low gear but owing to the road being covered with loose cinders to a depth of two or three feet, he had difficulty getting-traction on the grade. When he started across the tracks he looked to his left again and “by that time the train was right alongside of” him. His assertions respecting the precautions he took before entering the crossing were even more positive on cross-examination.
 

 The trial resulted in a verdict for the plaintiff in the sum of $900, the amount agreed upon as representing
 
 *181
 
 the value of his truck. Defendant filed motions for a new trial and for judgment n. o. v. The court granted the latter motion, holding that the driver’s testimony of the failure of defendant’s employes to give a warning was negative in character and as it was contradicted hy positive evidence it was insufficient to carry the question to the jury, relying principally upon
 
 Venchik v. Penna. R. R. Company,
 
 143 Pa. Superior Ct. 438, 18 A. 2d 118. The facts in that case are quite dissimilar to those before us. There the plaintiff was a guest in a truck which crashed into a train which had stopped or was moving very slowly on a street crossing in Philadelphia.
 

 We think Texter’s statements concerning the accident must be classified in the category of positive testimony. He was in a place where he could see and hear, and was emphatic in stating that he exercised his senses; that the very purpose of his stopping was to ascertain if a train was approaching.
 

 This case is readily distinguished from the cases relied upon by the learned court below and comes, in our judgment, within the line of cases of which the following are examples:
 
 Razzis et ux. v. Phila. & Reading Ry. Co.,
 
 281 Pa. 96, 126 A. 204;
 
 Mellon et ux. v. Lehigh Valley R. R.,
 
 282 Pa. 39, 42, 127 A. 444;
 
 Peruzzi v. Penna. R. R. Co.,
 
 99 Pa. Superior Ct. 519.
 

 While it is true that a number of witnesses, some of whom appeared to be entirely disinterested, contradicted the only witness called by plaintiff, yet his testimony cannot for that reason be characterized as nega-. tive and disregarded:
 
 Mellon et ux. v. Lehigh Valley R. R.,
 
 supra. A question of fact supported by the positive evidence of a single witness, however strong the opposing proof may be, requires the submission of the case to the jury. In
 
 Zimmerman v. Penna. R. R. Co.,
 
 302 Pa. 406, 408, 153 A. 721, there was testimony of but one witness for the plaintiff and seventeen wit
 
 *182
 
 nesses called for the defendant, who testified that the plaintiff was adequately warned. The Supreme Court' held that notwithstanding the predominant number, the case was for the jury. See, also,
 
 Sanders v. Penna. R. R. Co.,
 
 336 Pa. 424, 427, 9 A. 2d 413.
 

 We are of the opinion that the issues involved here were for the jury’s consideration and that the learned court below erred in granting defendant’s motion for judgment n. o. v. The court below having failed to pass upon the merits of defendant’s motion for a new trial, we feel an opportunity should be given to do so. See
 
 Petroleum Fuel Engineering Co. v. Hemphill,
 
 94 Pa. Superior Ct. 362;
 
 Osche v. New York Life Ins. Co.,
 
 324 Pa. 1, 7, 187 A. 396;
 
 Poch v. Equitable Life Assur. Soc. of U. S.,
 
 343 Pa. 119, 22 A. 2d 590.
 

 Judgment is reversed and the rule for a new trial reinstated.