## Mussari v. Lehigh Valley Railroad Company, Appellant.

Argued March 3, 1942.

Before KELLER P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*John C. Phillips,* with him *Michael H. Sheridan,* for appellant.

*Abram Salsburg,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1942:

This appeal grew out of a grade crossing collision. The jury, after a trial, returned a verdict in favor of the plaintiff in the sum of $1000 covering personal injuries and damage to his car. Motions for judgment n. o. v. and for a new trial were refused. The defendant appealed.

The facts and the inferences therefrom, viewed in a light most favorable to the plaintiff as is our duty, may be stated as follows. On June 14, 1939, about 1:40 A.M. when rain was falling and the visibility exceedingly poor due to darkness and dense fog, the plaintiff was driving a sedan car on a public highway from Hazleton to the village of Tresckow. Riding with him on the front seat was Santini Saul, a police officer of Hazleton, and Ralph Lockwood was on the rear seat. Approaching a point, familiar to the plaintiff, where the

highway crosses defendant's one set of tracks, he stopped about 15 or 20 feet from the second rail. A "Stop—Look, and Listen" sign was erected there, but no other cautionary signals were maintained. This was the customary stopping place and afforded a view to the right, the direction from which the train was approaching, of approximately 300 feet when the weather is clear. The plaintiff and his companions looked and listened, but they neither saw nor heard a moving train. The plaintiff, with normal and also fog lights on his car burning, proceeded in low gear at the rate of 5 to 10 miles per hour, and although the occupants of the car continued to look and listen they were unaware of the oncoming train until about the time the car was hit in the rear when on the second rail of the track, having almost completed the crossing.

The train, drifting slowly down grade, not more than 10 miles per hour, consisted of an engine with the tender ahead and 25 loaded coal cars. There was no headlight on the tender which hit the car, nor was a whistle blown, bell rung, or any other cautionary signal given of the train's approach.

The appellant as a defense relies on the alleged contributory negligence of plaintiff in that: (1) he failed to discharge his legal duty, after he had stopped at the usual place where no view was obtainable owing to the dense fog, of getting out of the car and walking to the crossing to look for train traffic before proceeding; and (2) if he had listened and continued to listen he would have heard this approaching train.

Contributory negligence may be declared judicially only in cases where it is so clearly revealed that fair and reasonable individuals could not disagree as to its existence: *Altomari v. Kruger et al.,* 325 Pa. 235, 240, 188 A. 828. If, however, material facts, or inferences drawn therefrom, are in dispute it is the exclusive problem of the jury to determine the factual issues:

*Shapiro v. Philadelphia Electric Co.,* 342 Pa. 416, 422, 21 A. 2d 26.

We concede that one approaching the tracks at grade should be cautious and special care is required when, as here, the weather conditions interfere with vision. A driver does not discharge his legal duty in stopping at a place where he is unable, owing to an obstruction, to get a good view of the tracks he is about to cross. It may be necessary in some circumstances for one to get out of a vehicle and walk to a place where an unobstructed view may be had. That certainly was the recognized rule in the "horse and buggy age". *Pennsylvania Railroad Co. v. Beale,* 73 Pa. 504; *Kinter v. Pennsylvania Railroad Company,* 204 Pa. 497, 54 A. 276; *Guilinger v. Pennsylvania Railroad Co.,* 304 Pa. 140, 155 A. 293. A horse may be led up to, or across, the tracks, but when driving an automobile a somewhat different situation exists; the car cannot be led. If an operator must get out of a machine, go forward, view the track ahead, then return to his car before crossing the railroad track, such precaution may be more dangerous at times than carefully proceeding forward.

The rule is now well recognized that if a driver stops at the usual place where a view of the tracks may be had for a reasonable distance the question of whether he should have gone forward for a better view is for the jury under all circumstances: *Guilinger v. Pennsylvania Railroad Co.,* supra. In the course of the opinion in that case Mr. Justice MAXEY said, p. 146: "This court cannot without departing from the established rule in Pennsylvania hold that the plaintiffs, after stopping to look and listen at the usual stopping place, were as a matter of law guilty of contributory negligence because one of them did not alight and go forward and look in both directions from a point where he could have obtained a longer view of the railway they were about to cross." In that case at the point

the truck stopped the driver had an unobstructed view in the direction the train was coming of 150 to 200 feet. See, also, *Messinger v. Pennsylvania Railroad Company*, 215 Pa. 497, 64 A. 682.

It cannot be said this plaintiff, whose vision was limited not by a physical obstruction which might have been overcome by moving further, but by weather conditions, was guilty of contributory negligence in his failure to get out of the car and walk forward to the rails before proceeding to cross. It was for the jury to say, after consideration of attending circumstances, whether the plaintiff should have taken that precaution.

The defendant in its paper book argued that the plaintiff was guilty of contributory negligence in that he failed to look and continue to look as he proceeded forward as was his duty, but at the argument the defendant conceded that was a question for the jury.

That brings us to the second position taken, namely, that if the plaintiff had listened and continued to listen as he proceeded he would have heard the approach of the train. That likewise was, in our judgment, for the jury's consideration. One is bound to be attentive when approaching a railroad crossing and to hear what is audible and see what is visible: *Kunicki et al. v. Lehigh Valley Railroad Co.*, 321 Pa. 590, 185 A. 193; *Garis v. Lehigh & New England Railroad Co.*, 324 Pa. 149, 188 A. 76.

In *Sanders v. Pennsylvania Railroad Company*, 336 Pa. 424, 9 A. 2d 413, a train ran into a heavily loaded truck on a rainy, foggy morning when the visibility was only 250 feet. The negligence alleged was the failure to give audible signal and to operate blinker lights. The testimony, given by those in a position to hear and see that no adequate warning was sounded, was effective. The court held that the statements of those in a position to know that a warning was not given was not negative, but positive, testimony which prevented the

taking of the issue of contributory negligence from the jury.

In *Hugo v. Baltimore & Ohio R. R. Company,* 238 Pa. 594, 86 A. 482, the widow of the decedent was the only witness. It was held that the positive testimony of this one witness, who was in a position to see and hear, was sufficient to justify the submission of defendant's negligence to the jury, notwithstanding the contradictory evidence offered by defendant. See, also, *Sharpless v. Delaware, Lack. & West. R. R.,* 286 Pa. 439, 133 A. 636; *Muehlhof v. Reading Company,* 309 Pa. 17, 162 A. 827; *Pioneer Yellow Cab Company v. Reading Company,* 147 Pa. Superior Ct. 185, 24 A. 2d 24.

While the facts in the cases to which we have referred are not identical with those before us the reasoning therein is applicable and we think controls the instant case. It is true that the testimony offered by the plaintiff was directly contradicted by the train crew and several disinterested witnesses. The attorney for appellant argued very persuasively that it is improbable that a train could run so noiselessly that one exercising his senses would not know of its approach. But this train was drifting down grade without any power applied and the starting and moving of the automobile may have deadened the noise of the train. In any event that argument was for the jury's consideration.

This case involving adequate notice and moving objects does not come within the rule that the undisputed physical facts are so opposed to plaintiff's testimony that it must be disregarded. We are of the opinion that the learned court below would have fallen into error if he would have held the plaintiff guilty of contributory negligence as a matter of law.

Judgment is affirmed.