## Collins, Appellant, *v.* Pennsylvania Railroad Company.

Argued January 18, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Gerald A. Gleeson*, with him *Joseph A. Breslin*, for appellant.

*Philip Price*, with him *Scott Seddon* and *Barnes, Deckert, Price & Smith*, for appellee.

PER CURIAM, January 29, 1943 :

This action in trespass resulted in a verdict for plaintiff. Defendant's motion for judgment n. o. v. was granted and plaintiff appealed.

The essential facts are brief and simple. Plaintiff was employed as a bricklayer's helper by Henry Disston & Sons, Inc., within whose grounds lay a single track siding operated by defendant railroad. It was necessary for plaintiff, in the course of his employment, to cross this track in order to get a mortar box from a storage shed. In doing so, he saw an engine of defendant company standing on the track some seventy-five to eighty yards away. He looked again just before entering the shed and the engine was still standing where he had first seen it. He then entered the shed, came out almost immediately with the mortar box on his shoulder, walked parallel to the track in the direction away from the engine for a short distance, and then turned to his right to cross the track. The engine had, in the meantime, started, was travelling at a speed of five or six miles an hour and was only ten feet away from plaintiff when he started to cross the track. He was struck before he had completed his second step inside the rails. The only reason he gave for not being aware of the train was that the mortar box on his right shoulder obscured his view in the direction from which the engine came. At the conclusion of plaintiff's testimony the defendant rested and asked for binding instructions.

Viewing the facts and the inferences to be deduced therefrom in the light most favorable to plaintiff, we agree with the learned court below that this accident was caused solely by plaintiff's own gross negligence. He neither stopped, looked, nor listened when he came to the track, but walked directly in front of the approaching train when it was not more than ten feet from him. The physical facts and his own testimony prove beyond any doubt that he did not exercise any care whatever in crossing the track. It is too plain for controversy that he did

not exercise the vigilance required of one crossing a railroad track: *Kunicki v. Lehigh Val. R. R. Co.*, 321 Pa. 590.

Judgment affirmed.